J-A02026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCEL J. COOK | : | |
| | : | |
| Appellant | : | No. 211 WDA 2020 |

Appeal from the PCRA Order Entered January 7, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000391-1986,
CP-02-CR-0000530-1986

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: MARCH 9, 2021**

Appellant Marcel J. Cook appeals *pro se* from the denial of his fifteenth petition for relief filed pursuant to the Post Conviction Relief Act[1] (PCRA). Appellant claims that the PCRA court erred when it dismissed his petition as untimely because he established the newly discovered facts and governmental interference exceptions.  We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion.  **See** PCRA Ct. Op., 4/2/20, at 1-7.  Briefly, Appellant was originally sentenced to life imprisonment after pleading guilty to murder of the second degree in July 1986.  This Court affirmed his judgment of sentence in June 1988, and Appellant did not petition our Supreme Court for allowance of appeal.  **See Commonwealth v. Cook**, 547 A.2d 435 (Pa. Super. 1988)

---

[1] 42 Pa.C.S. §§ 9541-9546.

(unpublished mem.). Since then, Appellant has filed numerous unsuccessful petitions for post-conviction relief.

Appellant filed the instant petition, his fifteenth, on February 15, 2019. In it he claimed that he was eligible for relief because ineffective assistance of counsel resulted in his guilty plea being unlawfully induced. He argued that that he recently discovered a May 2018 article regarding the "Reid Technique" of interrogation,[2] which established both of the newly discovered facts. PCRA Pet., 2/15/19, at 3. Additionally, Appellant asserted recent amendments to the PCRA constituted a newly recognized constitutional right. *Id.* The PCRA court appointed counsel, who later filed a petition to withdraw under *Turner*/*Finley*.[3] On July 1, 2019, the court granted counsel's petition to withdraw.

On July 26, 2019, the PCRA court gave notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, finding that all of the claims

_____

[2] The "Reid Technique" of interrogation "calls for police to be patient and understanding, break down the suspect's resistance to confessing by expressing confidence in the defendant's guilt, and providing the suspect with explanations for the crime that place the blame on others or rationalize the criminal behavior." Psychological coercion, Law of Confessions § 2:9 (2d ed.) (footnotes omitted). ***See also*** Matthew Clarke, *Controversial Police Interrogation Technique That Often Results in False Confessions Abandoned by Influential Training Consultant*, Criminal Legal News, May 2018, at 24, https://www.criminallegalnews.org/news/2018/apr/19/controversial-police-interrogation-technique-often-results-false-confessions-abandoned-influential-training-consultant/ (last visited Feb. 12, 2021).

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

were time-barred. The PCRA court summarized the ensuing procedures as follows:

> After the filing of the 907 Notice, [Appellant] submitted a Motion To Furnish Certify Transcribe Notes Of Testimony, Documents And Records (the "Motion"), seeking the production of, among other things, various notes, reports, and transcripts. Included with the Motion was a verification from the Pennsylvania State Police in response to one of [Appellant's Right to Know Law] requests (the "Verification") and argument from [Appellant] that he was advancing a newly discovered evidence claim based upon the Verification and various forensic reports, which claim, he asserted, showed that his convictions were procured by the Commonwealth's fraud and deception. The [PCRA c]ourt ordered the Commonwealth to respond to the Motion. In its response, the Commonwealth argued that [Appellant] had not made a sufficient showing to justify granting the Motion. The Commonwealth also argued that [Appellant] was time-barred from raising the claims set forth in the Motion. After considering the parties' positions, the [PCRA c]ourt denied the Motion and directed [Appellant] to file any objections to the 907 Notice by November 21, 2019.

PCRA Ct. Op. at 6-7.

Appellant filed a *pro se* response on November 25, 2019. On January 7, 2020, the PCRA court dismissed Appellant's petition in a single order which listed both docket numbers in this matter.

Appellant filed a timely notice of appeal, which listed both docket numbers. Thereafter, Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the PCRA court filed a responsive Rule 1925(a) opinion.

On February 26, 2020, this Court issued a rule to show cause directing Appellant to address whether his notice of appeal, which included both trial court docket numbers, violated **Commonwealth v. Walker**, 185 A.3d 969

(Pa. 2018). Appellant responded, explaining that he only intended to appeal at docket number 391-1986, and the PCRA court's reference to docket number 530-1986 "has nothing to do with this appeal." Response to Rule to Show Cause, 3/9/20, at 2. This Court discharged the rule to show cause and referred the issue to this panel.

Before addressing Appellant's claims, we consider whether Appellant's *pro se* notice of appeal complied with the requirements of **Walker**.

In **Walker**, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. The **Walker** Court explained that "[t]he Official Note to [Pa.R.A.P.] 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-77.

However, in **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*), this Court held that we may overlook the requirements set forth in **Walker** in cases where "a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." **Larkin**, 235 A.3d at 354. Specifically, the **Larkin** Court found that where the order informing Larkin of his appellate rights provided that he had thirty days "to file **an** appeal" the notice constituted a breakdown in the court system and quashal of the appeal was not necessary. **Id.**

Here, our review of the record reveals a breakdown in the court system similar to the scenario presented in **Larkin**. Indeed, the PCRA court's January 7, 2020 order dismissing Appellant's petition states that Appellant "has the

right to file **an appeal** from this final order dismissing his motion for post conviction collateral relief, and said **appeal** must be filed within thirty (30) days of the date this order is entered on the docket." Order, 1/7/20 (some capitalization omitted) (emphases added). Accordingly, we decline to quash this appeal based on **Walker**.

Appellant presents the following issues on appeal:

1. [Whether] the [PCRA] court erred when it dismissed [Appellant's] petition without an evidentiary [hearing] because the petition satisfied the newly discovered fact and governmental interference exception and such was filed within one year in which the claim could have been presented.

2. [Whether] the [PCRA] court erred when it dismissed [Appellant's] petition without an evidentiary [hearing] on the bas[is] that the court had inherent jurisdiction because [Appellant] showed that his conviction was the result [of] fraud as the Commonwealth presented false testimony which the prosecutor knew or should have known to be fal[se] and thus had a duty to correct.

Appellant's Brief at 11-12 (full capitalization omitted).[4]

We summarize Appellant's issues together, because they relate to his claim that he established PCRA time-bar exceptions based on newly discovered evidence and governmental interference. First, Appellant claims that he is entitled to relief based on an article published in Criminal Legal News in May of 2018, which criticized the Reid Technique of police interrogations and claimed that the technique often leads to false confessions. **See id.** at 5-

---

[4] We have not reproduced the third issue presented in Appellant's brief because it is identical his first issue. **See** Appellant's Brief at 12.

- 5 -

6, 13; *see also* PCRA Pet., 2/15/19, Attach. 4. Appellant alleges that detectives used the Reid Technique in order to obtain "incriminating, but false" statements from him, which the trial court should have suppressed. Appellant's Brief at 6.

Relatedly, Appellant also claims that he is eligible for relief from the time bar because a newly identified constitutional right applies to his case. Specifically, "Appellant identified the new constitutional right as the 2018 amendment to 42 Pa.C.S. § 9545(b)(2), which extended the time within which PCRA petitioners could file claims." *Id.* at 8. He also asserts that when he first discovered the Criminal Legal News article about the Reid Technique, he had an appeal pending and he could not raise the instant issue. *See id.*

In his second claim, Appellant argues that he met a PCRA timeliness exception because he recently obtained information that a ballistics report referred to at his guilty plea hearing did not exist. *See id.* at 8-9, 14-15. Appellant asserts that this information established that the Commonwealth knew or should have known it presented false evidence and violated his due process rights. *See id.* at 16. In conjunction with this claim, Appellant alleges that the PCRA court erred in denying his request for discovery related to the ballistics report. *See id.* at 18.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). "A second or subsequent request for

PCRA relief will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

In considering an untimely PCRA, we note that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). The three statutory exceptions include the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, a petitioner must also file his petition within one year of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2).

When asserting newly discovered facts, a petitioner must plead and prove: (1) the facts were unknown to him or her, and (2) the facts could not have been ascertained through due diligence. **See Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017); **see also** 42 Pa.C.S. § 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Brown**, 111 A.3d at 176 (citations and quotation marks omitted).

When asserting a new constitutional right, this Court has reiterated:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively.

**Commonwealth v. Kretchmar**, 189 A.3d 459, 463 (Pa. Super. 2018) (quoting **Commonwealth v. Abdul-Salaam**, 812 A.2d 497 (Pa. 2002)), *appeal denied*, 198 A.3d 1046 (Pa. 2018).

Here, there is no dispute that Appellant failed to file the instant petition within one year after his conviction became final. Therefore, he must satisfy one of the exceptions to the PCRA time bar.

As to his newly discovered facts argument, Appellant filed the instant petition within one year of the May 2018 article criticizing the "Reid Technique." However, the facts upon which his claim is predicated—*i.e.*, the techniques employed by detectives when they interviewed him after the murder—were well known to Appellant. Further, as noted in the article, the "Reid Technique" has been controversial for many years. Therefore, Appellant cannot establish that the facts underlying this claim were unknown to him or could not have been ascertained by the exercise of due diligence. ***See Brown***, 111 A.3d at 176. Accordingly, we conclude that Appellant has not proven the applicability of the newly discovered facts exception to the PCRA time bar.

To the extent Appellant raises a new constitutional right argument based on procedural changes to Section 9545(b)(2), changing the time within which to file a claim from sixty days to one year, those changes are not a constitutional right that was recognized by either the Supreme Court of the United States or the Pennsylvania Supreme Court.[5] ***See id.*** Therefore, Appellant has not proven applicability of the newly recognized constitutional right exception.

---

[5] Moreover, as noted above, we have applied the current version of Section 9545(b)(2) when noting that Appellant filed his instant PCRA petition within one year of May 2018 article.

We acknowledge that Appellant claims that he established a time-bar exception based on information questioning the existence of the ballistics report. However, in order to preserve this assertion as to timeliness under subsection 9545(b)(1)(i), Appellant had to request, and the PCRA had to have granted, permission to amend his petition to include a new claim based on the ballistics report. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012); *see also* Pa.R.Crim.P. 905(A). Because Appellant never sought leave to amend his petition to include this claim, it was not preserved.

Upon review, we cannot conclude that the PCRA court's denial of an evidentiary hearing was an abuse of its discretion. Further, we agree with the PCRA court that Appellant has failed to establish an exception to the PCRA time bar. Therefore, the PCRA court correctly concluded that it lacked jurisdiction to entertain Appellant's fifteenth petition. *See Brown*, 111 A.3d at 175. Accordingly, we affirm.

Order affirmed.

Judge Bowes joins the memorandum.

Judge McLaughlin concurs in the result.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2021